UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN DOE,                                         MEMORANDUM DECISION
                                                          AND ORDER
                   Plaintiff,              04 CV 00570 (GBD) (AJP)

     -against-

GLENN GOORD, et al.

                   Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Pro se plaintiff John Doe, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action against certain supervisory prison officials and correctional counselors, and the Office of Alcoholism and Substance Abuse Services ("OASAS") pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and the Rehabilitation Act, 29 U.S.C. § 794.  Plaintiff has a history of heroin addiction.  He contends that he has been denied access to proper long-term treatment at a residential drug treatment program by defendants. Although plaintiff has not used any illegal narcotics since his current term of incarceration, which began in October 1991, plaintiff claims he still suffers from heroin addiction because addiction is a lifelong disease.  Plaintiff, however, has repeatedly denied that he is an addict to medical doctors and nurses.  Plaintiff claims that his "denial" is "one of the [major] symptoms of the disease of substance dependence."

       Defendants moved for summary judgment on each of plaintiff's claims.

       The matter was referred to Magistrate Judge Andrew J. Peck for a report and recommendation ("Report").  Magistrate Judge Peck issued a Report wherein he recommended that summary judgment be granted dismissing all three of plaintiff's claims.  Magistrate Judge

Peck concluded that plaintiff's 42 U.S.C. § 1983 Eighth Amendment claim should be dismissed because, as a matter of law, plaintiff lacks sufficiently serious injuries to support an actionable claim.  Magistrate Judge Peck also concluded that  plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment claim should be dismissed because plaintiff failed to set forth any facts that can overcome the rational basis for the treatment policies of DOCS proffered by defendants. Magistrate Judge Peck further concluded that plaintiff's ADA and Rehabilitation Act claims should also be dismissed because plaintiff is not protected under either act.

In his Report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those of objections.  Plaintiff filed timely objections to the Report.  In his objections, plaintiff argues that his drug addiction meets the requisite standard of seriousness for his Eighth Amendment claim.  Plaintiff further argues that the evidence he proffered showed that the defendants acted with deliberate indifference to a serious risk of harm to plaintiff.  Plaintiff also argues that the magistrate judge's denial of his Equal Protection claim was erroneous because the state did not demonstrate a rational basis for their drug treatment policies.  Plaintiff argues that he qualifies for disability protection under the ADA and Rehabilitation Act.

The Court must make a "de novo determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b).  It is not required, however, that the Court conduct a de novo hearing on the matter.  See United States v. Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  Accordingly, the Court, in the

exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations."  Raddatz, 447 U.S. at 676.

The referring district judge may accept those portions of the magistrate judge's report and recommendation to which no specific written objections are made, provided there is no clear error on the face of the record.  Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F.Supp. 830, 835 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).  With respect to the portions of the Report to which there were no objections, this Court finds that the record is not facially erroneous.  Upon de novo review, this Court adopts Magistrate Judge Peck's Report in its entirety.

To establish a violation of the Eighth Amendment, plaintiff must show that defendants acted with deliberate indifference towards his medical needs.  See, e.g., Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  As the Second Circuit has explained, "the deliberate indifference standard embodies both an objective and a subjective prong."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d. Cir. 1996).  "'Objectively, the alleged deprivation must be 'sufficiently serious.'"  Id. (citations omitted).  "Subjectively, the charged official must act with a sufficiently culpable state of mind."  Id.  "The required state of mind, equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety . . . ."  Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d. Cir. 1998) (internal citations and quotations omitted).  "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

The present injuries that plaintiff alleges are not objectively sufficiently serious to state an Eighth Amendment claim.  Plaintiff claims that the deprivation of "comprehensive substance abuse care poses a grave and substantial risk of current and future harm that he will relapse to drug addiction and resulting criminal activity, and exacerbate his liver condition to the point of fatality."  (Dkt. No. 49: Doe Br. at 8.)  Defendants contend that plaintiff cannot sustain an Eighth Amendment claim because plaintiff has not taken drugs for fourteen years while incarcerated and therefore does not presently suffer from a health problem sufficiently grave to implicate the Constitution.

Plaintiff has participated in substance abuse treatment programs for his drug addiction while incarcerated.  His complaint is that he seeks treatment through CASAT or a similar work release program to avoid future harm.  Plaintiff's CASAT application has been denied because of his recidivist history, the nature of his current incarceration, and determination that he poses a risk to the community.

Plaintiff's conclusory reliance on his past relapses into drug use after his previous prison terms as proof that he might relapse upon release on parole is insufficient as a matter of law to state an objectively serious medical need.  See Atkins v. County of Orange, 372 F.Supp. 2d 377, 408, 410-11 (S.D.N.Y. 2005) (To survive summary judgment, plaintiffs "'must do more than make broad factual allegations and invoke the appropriate statute.'"); Nunes v. Artuz, 01 Civ. 1141, 2003 WL 229527443 at *7 (S.D.N.Y. Dec. 12, 2003) ("Plaintiffs have failed to provide any evidence to support their conclusory allegations that they face an increased risk of future injury.")  Plaintiff is complaining that although the medical care, including counseling, that he receives is adequate while he is in prison, he needs to receive additional comprehensive counseling upon his release to avoid recidivism.  As plaintiff cannot show an issue of material fact as to the seriousness

of his present or future injuries, the magistrate judge properly determined that plaintiff is unable to satisfy the objective prong of the deliberate indifference test.

Even if plaintiff could show a sufficiently serious deprivation under the objective prong of the deliberate indifference test, plaintiff has proffered insufficient evidence raising an issue of material fact as to the subjective prong. Disagreement over the proper treatment does not rise to the level of a constitutional violation. See cases cited infra p. 3. Plaintiff has received in custody treatment, albeit not the work release treatment he desires, and therefore cannot prove that the supervisory defendants have violated his Eighth Amendment rights. As plaintiff has failed to meet both prongs of his Eighth Amendment claim, the magistrate judge properly determined that summary judgment should be granted in favor of the defendants.

Plaintiff's Fourteenth Amendment claim similarly fails. An individual claiming a violation of the equal protection clause must be able to prove that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff claims that defendants' denials of his admission to CASAT "provide him with fewer and less comparable comprehensive mental health services than are provided[] by the OMH to mentally ill prisoners." (Dkt. No. 49: Doe Br. at 24.) According to defendants, denial of admission to CASAT – "a work release-like program" – because of plaintiff's criminal history is a rational basis for the distinction. The regulations of DOCS governing the procedures for considering inmates for temporary release programs require the officials to consider the criminal history of the applicant as a factor in the review process. See NYCRR §§ 1900.4(e)(1), 1951.2(b). Criminal history is a factor for the obvious reason that a lengthy criminal history increases the likelihood that placement in a community setting may result in more crimes. The safety of the community is a reasonably conceivable state interest in

excluding violent recidivist offenders from participation in any program that includes a temporarily release component.

Plaintiff has not set forth material facts which can overcome the rational basis for the DOCS policy. The magistrate judge therefore properly determined that defendant's motion for summary judgment should be granted on plaintiff's Equal Protection claim.

The magistrate judge also properly determined that plaintiff's ADA and Rehabilitation Act claims should be dismissed. To prove a violation of Title II of the ADA, a plaintiff must demonstrate: "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d. Cir. 2003). "These requirements apply with equal force to plaintiff's Rehabilitation Act claims." Id. at 35.

Under the statutory definition, plaintiff cannot demonstrate that his exclusion from CASAT or any temporary release program was "discrimination due to his disability." He is a violent felon, with a history of recidivism, and violent recidivists are not eligible for temporary release programs. Plaintiff's exclusion from any temporary release program is not based on his disability as an addict, but rather on his status as a violent felon and recidivist. Plaintiff therefore, as a matter of law, cannot prove the elements of his ADA or Rehabilitation Act claims.

Summary judgment on all claims is granted in favor of the defendants. This case is dismissed.

Dated: New York, New York
April 18, 2006

SO ORDERED

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge